# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| VIRGINIA SETTELL, | |
| Plaintiff, | No. C 07-3007-MWB |
| vs. | **ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY FEES** |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

_____

This matter comes before the court pursuant to plaintiff Settell's July 24, 2009, Motion For Attorney Fees (docket no. 30). On July 14, 2009, this court entered a Memorandum Opinion And Order Regarding Action For Judicial Review Of ERISA Benefits Determination (docket no. 27), finding that Settell is entitled to judgment, pursuant to 29 U.S.C. § 1132(a)(1)(B), in the amount of long-term disability (LTD) benefits for 24 months beginning December 16, 2001, and directing that judgment enter accordingly. Judgment (docket no. 28) entered the same day. Settell's present Motion For Attorney Fees followed precisely ten days later, seeking $8,825.00 in attorney fees as set out in an attached Attorney Fee Itemization. Defendant Metropolitan Life Insurance Company (MetLife) has never responded to Settell's Motion For Attorney Fees and its time to do so has long since expired.

Although Settell's motion is timely pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, it lacks the "separate summary indicating the total time spent performing each of [six specified] major categories of work" required by N.D. IA. L.R. 54.1(a). In a more complicated case, that failing might require resubmission of the motion. In this case, however, the itemization submitted is both sufficiently brief and

sufficiently detailed that the court can readily discern the tasks to which the attorney's time was devoted. Therefore, the court will pass on to the merits of the fee claim.

As the Eighth Circuit Court of Appeals recently reiterated,

> Section 502(g)(1) of ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In exercising that discretion, a court should consider a number of factors, including:
>> (1) the degree of culpability or bad faith of the opposing party; (2) the ability of the opposing party to pay attorney fees; (3) whether an award of attorney fees against the opposing party might have a future deterrent effect under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.
>
> *Martin v. Ark. Blue Cross & Blue Shield,* 299 F.3d 966, 969 n. 4 (8th Cir. 2002) (en banc). These factors, drawn from *Lawrence v. Westerhaus,* 749 F.2d 494, 496 (8th Cir. 1984) (per curiam), serve as "general guidelines for determining when a fee is appropriate." *Martin,* 299 F.3d at 972.

*Eisenrich v. Minneapolis Retail Meat Cutters and Food Handlers Pension Plan*, 574 F.3d 644, 651 (8th Cir. 2009).

In this case, the court finds that the *Westerhaus* factors justify an award of attorney fees to Settell: MetLife was substantially culpable, in that, as this court observed in its ruling on the merits, it is abundantly clear that MetLife never considered the proper definition of "total disability" for the first 24 months of LTD benefits in denying Settell's claim; MetLife has substantial ability to pay Settell's attorney fees; requiring MetLife to pay attorney fees might have a future deterrent effect under similar circumstances, in that it might encourage MetLife to know and apply appropriate standards to its LTD benefits

2

determinations; although Settell primarily sought to benefit herself, her efforts to make MetLife apply the appropriate standards for LTD benefits is likely to benefit all plan participants and beneficiaries; and there was substantial merit to Settell's position, and nearly none to MetLife's, at least as to Settell's entitlement to LTD benefits. *Id.* Although the relative merit of the parties' arguments is precisely reversed as to Settell's contention that MetLife should be penalized for failure to provide her with plan documents, the court nevertheless finds that Settell's primary claim was for LTD benefits, and on that claim alone, the full award of attorney fees is justified.

Moreover, the court finds that the fees claimed are, themselves, reasonable in terms of hours claimed (only 35.3) and hourly rate ($250 per hour). Indeed, the total fee claim of a mere $8,825.00 for successful litigation of a claim for judicial review under ERISA is, in every respect, a bargain.

THEREFORE, plaintiff Settell's July 24, 2009, Motion For Attorney Fees (docket no. 30), to which no timely resistance was filed, is **granted** as to the entire $8,825.00 in attorney fees claimed.

**IT IS SO ORDERED.**

**DATED** this 10th day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA